# In the United States Court of Federal Claims

No. 22-1792
Filed: January 31, 2023

---

ISAAC HASHI,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

---

## <u>MEMORANDUM OPINION AND ORDER</u>

Pro se Plaintiff Isaac Hashi's ("Mr. Hashi") Complaint alleges that a "policy memo" issued by the United States Department of Justice ("DOJ") attorney Jeffrey Clark designated him a "slave of United States." (Compl., ECF No. 1).[1] Mr. Hashi also claims that former White House Chief-of-Staff Mark Meadows and another White House official "co-represented" this memo. (*Id.*). The issuance of this document, Mr. Hashi claims, violates his rights pursuant to the Fourth, Fifth, Eighth, Ninth, and Fourteenth amendments to the U.S. Constitution, Article IV of the United Nations Declaration of Human Rights, and results in an unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495, thereby entitling him to $700,000. (*Id.*). This is not the first time that Mr. Hashi has presented similar claims to this Court and others. *See e.g.*, *Hashi v. United States*, 162 Fed. Cl. 618 (2022) ("Hashi I") (dismissing for lack of subject-matter jurisdiction); *Hashi v. Garland*, Case No. 22-3142, ECF. No. 4 (D. D.C. Oct. 28, 2022) ("Hashi II"); *Hashi v. Cline*, Case No. 22-2202, ECF. No. 10 (D. Colo. Dec. 14, 2022) ("Hashi III"). At no time, however, has Mr. Hashi supplied a copy of the offending memorandum.

None of Mr. Hashi's multifarious claims establish subject-matter jurisdiction. Accordingly, the Court again dismisses Mr. Hashi's Complaint. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court has "an independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Therefore, the Court analyzes the Complaint to determine if the allegations invoke the Court's limited jurisdiction which only extends to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to

---

[1] The Court construes Mr. Hashi's Complaint to refer to the former DOJ Assistant Attorney General for the Environment and Natural Resources Division and later the Acting Assistant Attorney General for the Civil Division.

the United States; or (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money by the United States. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004).

     While a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve a pro se plaintiff of the jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). If the Court determines "at any time" that it lacks subject-matter jurisdiction, the court must dismiss. RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (finding that the court may act *sua sponte* when jurisdiction is lacking).

     Mr. Hashi's Complaint presents only conclusory allegations and unwarranted inferences which fail to establish a valid claim. Mr. Hashi's unjust conviction claim is limited to a threadbare recital of 28 U.S.C. § 1495 without factual support.[2] Section 1495 confers jurisdiction on the United States Court of Federal Claims over claims seeking monetary damages for unjust conviction and imprisonment but only when plaintiffs also meet the jurisdictional requirements of 28 U.S.C. § 2513.[3] *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (finding that section 1495 confers jurisdiction "only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with"). The jurisdictional requirements of section 2513, in turn, are "strictly construed" and place "a heavy burden . . . upon a claimant seeking relief . . . ." *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003).

     Section 2513 requires that Mr. Hashi show that his conviction has been reversed or set aside on the ground that he is not guilty of the offense that he was convicted for. 28 U.S.C. § 2513(a). Plaintiffs can also establish jurisdiction under section 2513 by alleging that they "did

---

[2] 28 U.S.C. § 1495 provides: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."

[3] 28 U.S.C. § 2513(a) provides that any person suing under <u>section 1495</u> "must allege and prove that:

    (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

    (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution."

not commit any of the acts charged," that their conduct did not constitute "offense against the United States, or any State, Territory or the District of Columbia," and that their "misconduct or neglect [did not] cause or bring about [their] own prosecution." *Id*. Critically, section 2513(b) mandates that plaintiffs establish proof of such facts by providing a certificate of innocence from the district court.[4] *See e.g.*, *Cornelius v. United States*, 2019 U.S. Claims LEXIS 1669 *4 (Nov. 8, 2019) (finding that for the Court "to have jurisdiction, a plaintiff must obtain a certificate of innocence from the district court."). Mr. Hashi fails to provide the Court with a certificate of innocence, alleging instead, the supposed "change [in] confinement status from inmate to 'designated slave of United States.'" (Compl. at 2). Consequently, the Court lacks subject-matter jurisdiction to review Mr. Hashi's unjust conviction claim. *See Abu-Shawish v. United States*, 120 Fed. Cl. 812, 813 (2015) (dismissing the Complaint because plaintiff had "not alleged that he [had] obtained a certificate of innocence from the [district court] or that his innocence [had] been otherwise established."); *see also Brewer v. United States*, 2021 U.S. Claims LEXIS 88 (Feb. 19, 2021).

Mr. Hashi also alleges several constitutional violations, none of which provide a basis for subject-matter jurisdiction. The Court of Federal Claims' jurisdiction is limited to rendition of money damages, and so, a constitutional provision or statute only renders subject-matter jurisdiction if it "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). The Court lacks subject-matter jurisdiction over claims based on the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments because they are not money-mandating. *See Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018) (finding that the Court lacks jurisdiction over Fourth, Fifth, Eighth, and Fourteenth Amendments claims); *Russell v. United States*, 78 Fed. Cl. 281, 288 (2007) ("Based on a plain language reading of the Ninth Amendment, the court does not perceive how the Ninth Amendment could be construed as a money-mandating source.").[5]

Lastly, the Court lacks subject-matter jurisdiction to review Mr. Hashi's claim based on Article 4 of the Universal Declaration of Human Rights ("UDHR"). The UDHR was adopted by the United Nations Generally Assembly on December 10, 1948, and lists fundamental human rights that the United Nations commits itself to protect. G.A. Res. 217A (III), U.N. Doc. A/810 (1948). Article 4 of UDHR states that "[n]o one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms." *Id*., art. IV. The UDHR is not a legally

---

[4] Mr. Hashi's Complaint indicates that he remains in custody at the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado. (*See* Compl.).

[5] The Court construes Mr. Hashi's reference to the Fifth Amendment to present a due process claim because the Complaint concerns confinement status. Even if Mr. Hashi is asserting a taking claims under the Fifth Amendment, the Court lacks subject-matter jurisdiction because Mr. Hashi has not alleged any property interest in his Complaint. *See American Pelagic Fishing Co., L.P. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004) ("[A]s a threshold matter, the court must determine whether the claimant has established a property interest for purposes of the Fifth Amendment.").

binding document and neither does it provide for a private cause of action for monetary damages. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004). As such, the Court lacks subject-matter jurisdiction to entertain claims based on UDHR. *Gimbernat v. United States*, 2008 U.S. Claims LEXIS 339 *9–11 (Oct. 24, 2008).

In sum, the Court lack subject-matter jurisdiction over each of Mr. Hashi's claims. In addition, Mr. Hashi's claims for equitable and injunctive relief are denied because the Court does not have the power to grant such relief outside of certain contract claims. *See Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014).

Mr. Hashi's Complaint retells claims previously presented to the Court under the guise of the First and Thirteenth Amendments violations. *See Hashi I*. In that Complaint, Mr. Hashi also claimed that the policy memo authored by former Assistant Attorney General Jeffrey Clark designated Mr. Hashi as a slave of the United States. *Id*. Like today, the Court summarily dismissed his earlier complaint on similar grounds *Id*. at 620. Nor has Mr. Hashi limited these claims to this Court.

Mr. Hashi also filed a nearly identical complaint in the District of Colorado; that court dismissed Mr. Hashi's complaint as frivolous and found that Mr. Hashi's allegations rose "to the level of the irrational and wholly incredible." *Hashi III*, Case No. 22-2202, ECF. No. 10 (D. Colo. Dec. 14, 2022). Mr. Hashi brought the same claim in the District of Columbia, with that court also dismissing Mr. Hashi's complaint because it was "practically identical" to the complaint Mr. Hashi had filed "in a separate civil action." *Hashi II*, Case No. 22-3142, ECF. No. 4 (D. D.C. Oct. 28, 2022).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss frivolous complaints that allege facts presenting "fantastic" or "delusional" scenarios. *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also*, *Wickramaratna v. United States*, 2022 U.S. Claims LEXIS 661 *17 (Apr. 15, 2022) (dismissing the complaint that chronicled "a fantastical tale" involving Donald Trump, Alexandria Ocasio-Cortez, and the plaintiff.). Like other district courts, this Court finds that Mr. Hashi's factual allegations are so implausible that a finding of factual frivolousness is appropriate. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Accordingly, the Court **ENJOINS** Plaintiff from filing any new complaints with the Court without leave from the Chief Judge of the United States Court of Federal Claims. Any motion for leave to file must identify the source of law supporting this Court's jurisdiction, explain how the new complaint involves matters not previously raised in the Court, and include, as an attachment, a full complaint satisfying the requirements of RCFC 8,

Mr. Hashi moved for leave to proceed in forma pauperis. (ECF No. 2). The Court **GRANTS** that motion. For the stated reasons, Mr. Hashi's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3). The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith because Plaintiff's claims are outside the jurisdiction of this Court and frivolous. 28 U.S.C. § 1915(a)(3).

The Clerk's Office is **DIRECTED** to enter judgment accordingly and to **REJECT** any future submissions received in this matter from Plaintiff unless such submissions comply with this Court's rules regarding post-dismissal submissions and right of appeal.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge